Hall, J.
This action was brought by plaintiff to recover for professional services as an attorney, in procuring, the discharge of one Henry J. Smith, who had been arrested on a charge of perjury.
The plaintiff never met the defendant personally, nor did he ever receive any communication directly from him, but transacted the entire business as to employment and compensation with one Alexander P. Keteham, who is also a lawyer, and a *890 son-in-law of defendant, and wbo is claimed by plaintiff to have been tbe agent of defendant in the entire transaction.
It is not claimed or asserted by tbe plaintiff that Ketcham, either by reason of his relationship to defendant or otherwise, was the general agent or attorney for defendant, but he relies entirely upon the assertion that the evidence offered by him upon the trial was sufficient to establish a special agency in Ketcham to employ him as a lawyer and arrange for his compensation.
It is a well settled and elementary principle of law, founded in justice and reason, that persons dealing with special agents-are bound to ascertain the extent and limit of the special authority, and if they fail to do this the risk is upon them that the transaction may fail to be binding upon the alleged principal.
The only evidence offered by plaintiff to establish a special agency in Ketcham, was that given by the witnesses Richardson and Boyle.
Mr. Smith (plaintiff’s client), had been arrested early in March and plaintiff was retained by Mrs. Smith at about that time, and proceedings were had before the Police Justice which resulted in Mr. Smith being held to await the action of the grand jury; all this was long before any application was made by plaintiff to defendant.
The first communication plaintiff had with defendant was on May 13th, and the first conversation with Mr. Ketcham the alleged agent, was on May 18th, and Smith was discharged about May 21st or 22d by reason of failure of the grand jury to find an indictment against him.
The plaintiff’s communication to defendant of May 13th contains no intimation of a request by plaintiff to be retained by defendant as an attorney, it merely refers to the fact that Mrs. Smith had mentioned to plaintiff her intention to apply to defendant to furnish bail for her husband and then after referring to Mr. Ketcham’s call upon him, he goes on to say that if any of Mrs. Smith’s friends could furnish $150, the matter could be arranged so that Mr. Smith could be discharged, and suggests, that perhaps defendant would be willing to aid in that direction.
There is not a single word or intimation in this letter as to employing the services of plaintiff as a lawyer or compensating him, nor is there any request or understanding that defendant should furnish all the money required, but it says “if any of Mrs. Smith’s friends could provide some money, say $150,” and again, “ perhaps you would be willing to aid in that direction.”
This letter was presented to defendant while he was sick in bed, by the witness Richardson, and after complaining that he did not see why he should be troubled, and that he thought it rather hard that he should be annoyed during his illness by *891 such request, be said “ he would see Mr. Keteham and leave th& matter with him.”
The witness Boyle testifies that about the 10th of July he took a letter to defendant and defendant said “ he had left the matter with General Keteham, and would refer the letter to him,” and being recalled later he testifies that defendant said to him that he thought that as plaintiff had got Smith out, that he (Smith) ought to go to work himself and pay plaintiff and relieve defendant of this burden, and again in answer to a leading question he testified that defendant had said to him that he had left the matter with Mr. Keteham to arrange and that he had entire charge of it.
This is the entire evidence upon the question of the agency of Mr. Keteham, and while it might be sufficient to raise a presumption of agency in Mr. Keteham to assist in procuring bail for Smith, or to see Mrs. Smith’s friends and attempt to raise money or even on behalf of defendant, to contribute or aid in raising money, it falls far short of an authorization of Keteham to retain plaintiff as an attorney for defendant, and to fix his compensation as such, and it must be borne in mind that this action is not based upon any agreement to aid in procuring bail or raising money, but solely upon an employment and retainer of plaintiff as attorney for defendant.
I am clearly of opinion that there was no sufficient evidence to gó to the jury to establish the agency of Mr. Keteham, and that the motion to dismiss the complaint was proper.
The judgment must be affirmed with costs to respondent.
Hyatt, J., concurs.